FILED
MISSOULA, MT

2007 APR 4 AM 9 05

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KORY McGAVIN, JAMES McINTYRE, McINTYRE ENTERPRISES, INC., a corporation, WALLY WILKINSON, THE WILKINSON FAMILY TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES STEVENS, KEITH VEIGAS and PATTON & VEIGAS, an Alabama corporation<br><br>Defendants. | CV 04-58-M-DWM<br><br><br><br><br><br><br><br>ORDER |

## I. Introduction

United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation in this legal malpractice action on September 19, 2005. Judge Erickson recommended denying Defendants' motion to dismiss for failure to state a claim and improper venue, and granting Defendants' alternative motion to transfer venue to the Northern District of Alabama. Defendants timely objected to Judge Erickson's recommendation that their

motion to dismiss for failure to state a claim be denied. Defendants thus are entitled to de novo review of this issue. 28 U.S.C. § 636(b)(1). Neither party objected to Judge Erickson's determinations with regard to venue. Accordingly, these recommendations will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). Because I agree with Judge Erickson's analysis and conclusions, I adopt his Findings and Recommendation in full. The parties are familiar with the factual and procedural background of this case, so they will not be restated here.

## II. Analysis

As an initial matter, Defendants ask the Court to transfer this action to the Northern District of Alabama to permit that court to rule on Defendants' objections to the Findings and Recommendation. Defendants offer no authority to support their proposed course of action. Because this Court referred Defendants' motions to Judge Erickson for Findings and Recommendation, it will consider Defendants' objections and issue an order on Defendants' motions.

Defendants' motion to dismiss for failure to state a claim argues Plaintiffs failed to sufficiently allege causation. Under

Alabama law, a plaintiff's complaint for legal malpractice must allege that, apart from the defendant's negligence, he would have recovered in the underlying action. Mylar v. Wilkinson, 435 So. 2d 1237, 1239 (Ala. 1983). Judge Erickson determined, considering the liberal notice pleading standards, Plaintiffs' Complaint sufficiently alleged causation. In particular, Judge Erickson observed Plaintiffs alleged they suffered damages in the amount of the value of their underlying case. Judge Erickson concluded this allegation implied Plaintiffs would have prevailed on their claim.

In their objections, Defendants do not provide any new arguments or authority not contained in their briefing on the motion to dismiss. They merely contend Plaintiffs' allegations that Defendants' actions barred Plaintiffs from bringing their claim are insufficient under Alabama law. This allegation, standing alone, would be insufficient. As Judge Erickson determined, however, Plaintiffs' Complaint contains other allegations, namely that Plaintiffs suffered damages in the amount of the value of their underlying case. This additional allegation is sufficient to satisfy the requirements of Alabama law at the pleading stage. Morrison v. Franklin, 655 So. 2d 964, 966 (Ala. 1995) (concluding "allegations of malpractice, coupled with the general allegation of proximate cause . . . are sufficient to state [a claim for legal malpractice]).

Judge Erickson also recommended denying Defendants' motion to dismiss for improper venue. According to Judge Erickson, Defendants waived an improper venue defense by defaulting in response to the Complaint. Defendants do not object to Judge Erickson's determination, and I find it is not clearly erroneous. See Hoffman v. Blaski, 363 U.S. 335, 343 (1960) (observing a defendant waives venue by defaulting).

Finally, Judge Erickson recommended granting Defendants' motion to transfer venue to the Northern District of Alabama. Judge Erickson first determined entry of default does not prevent a party from seeking a transfer of venue. See Hirsch v. Zavaras, 920 F. Supp. 148, 150 (D. Colo. 1996). Then, Judge Erickson weighed the relevant public and private interest factors for determining whether transfer of venue is appropriate under 28 U.S.C. § 1404(a). See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 241 n.6 (1981) (setting forth relevant factors). Plaintiffs do not object to Judge Erickson's recommendation to transfer venue. Moreover, I find Judge Erickson thoroughly and correctly assessed the appropriate factors to conclude a transfer of venue is warranted in this case.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Erickson's Findings and Recommendation are adopted in full. Defendants' motion to dismiss for improper venue and failure to state a claim

(dkt #32) is DENIED.  Defendants' alternative motion to transfer venue (dkt #32) is GRANTED.  This action is transferred to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).

Dated this \_\_4th\_\_ day of \_\_April\_\_, 2007.

_____
Donald W. Molloy, Chief Judge
United States District Court